## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**STEPHANY REDDECLIFF,**

     Plaintiff,

**v.**                              **CASE NO.:**

**UNITED SPACE COAST CABLES, INC.,**
**A Florida Profit Corporation,**

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff STEPHANY REDDECLIFF (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant UNITED SPACE COAST CABLES, INC. (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

1.    This is a claim by Plaintiff against her former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA"), Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), Florida's Worker's Compensation Law in

violation of § 440.205, Florida Statute  and the Florida Constitution, Article. X § 24. As a result, and for the violation of the listed statutes, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2.     Plaintiff was hired by Defendant in or around October 2019.

3.     At the time of her termination, Plaintiff worked for Defendant as a Cable Technician.

4.     Defendant owns, controls, and operates a wire harness and cable assembly business in the state of Florida including the location where Plaintiff was employed.

## JURISDICTION & VENUE

5.     Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII and the ADAAA. An express grant of federal court jurisdiction over these federal claims are found in Title VII at  42  U.S.C.§2000e-5(f)(3) and the ADA Amendments Act of 2008

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims.

7.     The acts and omissions giving rise to this action occurred in Melbourne, Florida.

8.     Defendant conducts business in Melbourne, Florida.

9.     Plaintiff was employed with Defendant in Melbourne, Florida.

10.     Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11.     This is an action at law raises a federal question under federal law.

12.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13.     Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14.     Plaintiff is a female.

15.     Plaintiff suffered sexual harassment and discrimination based on her gender.

16.     Plaintiff was retaliated against for her complaints of sexual harassment and discrimination.

17.     As a result of the repetitive nature of her position with Defendant, Plaintiff suffered a work-related injury to her hands.

18.     This injury and subsequent medical condition were reported to

her supervisor.

19.    Plaintiff's doctor put her on a no-work status until she fully healed.

20.    Plaintiff is a member of a class of individuals protected by Title VII, the FCRA and the ADAAA.

21.    Plaintiff was qualified for her position of employment as a Cable Technician.

22.    The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the FCRA and the ADAAA.

23.    Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the FCRA and the ADAAA.

24.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 11, 2021.

25.    The EEOC issued a Notice of Right to Sue on November 20, 2021.

26.    Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

27.    Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

28.    Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTUAL ALLEGATIONS

29.     Plaintiff began her employment with Defendant in October 2019.

30.     Plaintiff is a female.

31.     Plaintiff was subjected to sexual harassment by her co-workers.

32.     These co-workers would comment on a near daily basis that they would "hit that" as Plaintiff walked by.

33.     Plaintiff was also subjected to derogatory comments on a daily basis about a woman's ability to complete the work that needed to be done.

34.     These derogatory comments would always include comments about "these women," when Plaintiff asked questions.

35.     Plaintiff complained to her supervisor about these comments.

36.     Nothing was done regarding Plaintiff's complaints about the sexual harassment and gender discrimination.

37.     Instead, Defendant retaliated against Plaintiff by terminating her employment.

38.     Plaintiff also reported her work related hand and wrist injuries to her supervisor on multiple occasions.

39.     Plaintiff provided worker's compensation documents to Defendant.

40.     Instead of allowing Plaintiff to pursue her worker's compensation claim, she was asked to resign.

41.     Plaintiff refused to resign.

42.     Plaintiff also asked if there was a different position that she could work in to accommodate her injury.

43.     Defendant refused to engage in the interactive process to find another position that would comply with her accommodation needs.

44.      Instead of working with Plaintiff to find another position she could do, Defendant terminated Plaintiff's employment.

45.     During Plaintiff's employment, Defendant repeatedly shorted Plaintiff's paycheck by five (5) hours every week.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION TITLE VII

46.     Plaintiff realleges and adopts allegations contained in paragraphs 1-5, 7-15 and 30-37, as though fully stated herein.

47.     Plaintiff is a member of a protected class because she is female.

48.     At all material times, Plaintiff was qualified to perform her job duties.

49.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender.

50.     Defendant did not subject the male employees to discriminatory treatment.

51.    Plaintiff suffered an adverse employment action when she was terminated.

52.    The discrimination to which Plaintiff was subjected was based on her gender.

53.    Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

54.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

55.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

56.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

57.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.      judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.      compensatory damages;

e.      judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.      judgment interest, and, if applicable, post-judgment interest;

g.      reasonable attorneys' fees and litigation expenses against Defendant; and

h.      any additional relief that this Court deems just.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION OF FCRA

58.     Plaintiffs realleges and adopts all allegations contained within paragraphs 1-10, 12-15, and 20-37 as though fully stated herein.

59.     Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

60.     Defendant discriminated against Plaintiff based on her gender.

61.    Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

62.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

63.    At all material times, Plaintiff was qualified to perform her job duties.

64.    Defendant discriminated against Plaintiff because of her gender.

65.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

66.    The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

9

e.     Injunctive relief;

f.     Prejudgment interest;

g.     Costs and attorney's fees; and

h.     Such other relief as the Court may deem just and proper.

## COUNT III
## SEXUAL HARASSMENT OF PLAINTIFF
## IN VIOLATION OF TITLE VII

67.     Plaintiff realleges and adopts all allegations contained within paragraphs 1-5, 7-15 and 20-30, as though fully stated herein.

68.     Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with Defendant, which was perpetuated upon her by Plaintiff's supervisors, and this conduct was based upon and directed at Plaintiff by reason of her gender.

69.     Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing and discriminatory conduct, but Defendant failed to take any appropriate corrective actions.

70.     This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

71.     During the times referenced herein, Plaintiff was subject to constant sexually explicit commentaries.

72.     During the times referenced herein, male employees were allowed make comments about wanting to have sexual relations with Plaintiff.

73.     Plaintiff was a victim of retaliatory conduct on the part of Defendants.

74.     During the course of her employment Plaintiff was forced work in a sexual discriminatory and hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

75.     Defendant's management was aware of the hostile work environment and acquiesced in the environment.

76.     Defendant's actions were open and obvious.

77.     As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

**COUNT IV**
**SEXUAL HARASSMENT OF PLAINTIFF**
**IN VIOLATION OF FCRA**

78.     Plaintiff realleges and adopts all allegations contained within paragraphs 1-10, 12-15, 20-37, as though fully stated herein.

79.     Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

80.     Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with Defendant, which was perpetuated upon her by Defendants and Plaintiff's supervisors, and this conduct was based upon and directed at Plaintiff by reason of her gender.

81.     Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing and discriminatory conduct, but Defendant failed to take any appropriate corrective actions.

82.     This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

83.     During the times referenced herein, Plaintiff was subject to constant sexually explicit commentaries.

84.     During the times referenced herein, male employees were allowed make comments about wanting to have sexual relations with Plaintiff.

85.     Plaintiff was a victim of retaliatory conduct on the part of Defendants.

86.     During the course of her employment Plaintiff was forced work in a sexual discriminatory and hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

87.     Defendant's management was aware of the hostile work environment and acquiesced in the environment.

88.     Defendant's actions were open and obvious.

89.     As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT V
## RETALIATION IN VIOLATION OF TITLE VII

90.   Plaintiff realleges and adopts allegations contained in paragraphs 1-5, 7-15, and 20-30, as though fully stated herein.

91.   Plaintiff engaged in statutorily protected activity when she complained to Defendant regarding the discriminatory behavior and sexual harassment against her.

92.   Plaintiff suffered an adverse employment action when she was terminated.

93.   A causal connection exists between the protected activity and the adverse action.

94.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints of sexual harassment.

95.   Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

96.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

97.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

98.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

99.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a.      judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.      compensatory damages;

e.      judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.      judgment interest, and, if applicable, post-judgment interest;

g.      reasonable attorneys' fees and litigation expenses against Defendant; and

h.      any additional relief that this Court deems just.

## COUNT VI
## RETALIATION IN VIOLATION OF FCRA

100.   Plaintiffs reincorporate and adopt all allegations contained within paragraphs 1-10, 12-16 and 20-37, as though fully stated herein.

101.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

102.   At all material times, Plaintiff was qualified to perform her job duties.

103.   Defendant retaliated against Plaintiff because of her complaints about sexual harassment.

104.    Plaintiff engaged in a protected activity by making numerous complaints to Defendant regarding sexual harassment.

105.    Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

106.    The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT VII

## DISABILITY/PERCEIVED DISABILITY DISCRIMINATION

107.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-4, 7-13, 17-29, 38 and 42-44 above.

108.   Plaintiff's medical conditions and restrictions were a motivating cause of Defendant's discriminatory behavior towards Plaintiff, and thus, constituted disability and/or perceived disability discrimination as proscribed by the ADAAA.

109.   Defendant's conduct, including but not limited to its refusal allow her time off to care for herself or to engage in any dialogue regarding making a reasonable accommodation, discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of employment because of Plaintiff's daughter's disability and/or perceived disability.

110.   As a natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

111.   The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against disability discrimination as to entitled Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

112.   The disability discrimination Plaintiff suffered, in violation of her federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

113.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a.   Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b.   Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's discriminatory acts;

c.   Awarding judgment against Defendant for compensatory damages;

d.   Awarding judgment against Defendant for punitive damages;

e.   Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

f.   Awarding Plaintiff her costs, including a reasonable attorneys' fee,

pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.      Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

h.      Granting such other and further relief as the Court deems just.

**COUNT VIII**

**RETALIATION IN VIOLATION OF THE ADAAA**

114.   Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-4, 7-13, 16-29, 38 and 42-44 above.

115.   Plaintiff requested a reasonable accommodation for her disability/perceived disability.  This constituted protected activity under the ADAAA.

116.   Plaintiff was terminated instead of being allowed to take leave to care for herself.

117.   Upon information and belief, Defendant's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation for Plaintiff could care for herself, and resulting termination of Plaintiff's employment, was, in whole or in part, motivated by Plaintiff's request for accommodation.

118.   As a natural, proximate and foreseeable result of Defendant's

actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

119.   The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

120.   The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

121.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

a.      Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b.      Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory

acts;

c.    Awarding judgment against Defendant for compensatory damages;

d.    Awarding judgment against Defendant for punitive damages;

e.    Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

f.    Awarding Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.    Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

h.    Granting such other and further relief as the Court deems just.

## COUNT IX:
## RETALIATION IN VIOLATION OF §440.205, FLORIDA STATUTES

122.    Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-4, 6-10, 12, 13, 17-19, 21, 27-29 and 38-41, as if fully set forth in this Count.

123.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the §440.205, Florida Statutes.

124. Plaintiff was threatened with discharge by Defendant for attempting to claim compensation under the Worker's Compensation Law (Chapter 440, Florida Statutes).

125. Plaintiff was discharged by Defendant for attempting to claim compensation under the Worker's Compensation Law (Chapter 440, Florida Statutes).

126. The retaliation to which Plaintiff was subjected was based on her disability.

127. The retaliation to which Plaintiff was subjected was based on her attempt to claim compensation Worker's Compensation Law (Chapter 440, Florida Statutes).

128. Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's firing.

129. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

130. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court will:

i.    That the Court declare that Defendant violated the aforementioned causes of action;

ii.    A jury trial and entry of judgment in Plaintiff's favor;

iii.    Back pay;

iv.    Front pay;

v.    Compensatory damages;

vi.    Liquidated damages;

vii.    Attorney's fees and expenses; remove.

viii.    Prejudgment interests, and, if applicable, post-judgment interest;

ix    Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which this Court deems just and proper.

**COUNT X**
**VIOLATION OF THE FLORIDA CONSTITUTION, ARTICLE X, § 24**
**(Minimum Wage)**

131.    Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1-4, 6-10, 12, 13, 21, 27-29, 45 as if fully incorporated herein.

132.    Plaintiff is entitled to be paid the full minimum wage for each hour worked during employment with Defendants.

133.   Plaintiff routinely complained to her superiors about Defendants' illegal pay practices, however, Defendants refused and/or failed to compensate Plaintiff for these violations.

134.   Defendants willfully failed to pay Plaintiff the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

135. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work during her employ with Defendants.

**WHEREFORE**, Plaintiff, demands judgment against Defendants for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this  28th day of February, 2022.

Respectfully submitted,
s/ Edward W. Wimp
Edward W. Wimp, Esquire – LEAD COUNSEL
FBN: 1015586
Email: ewimp@theleachfirm.com

Anthony Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff